**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 13-cv-02535-MSK-KMT**

**MARIAN G. KERNER,**

    Plaintiff,

v.

**CITY AND COUNTY OF DENVER,**

    Defendant.

**OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court on the Defendant City and County of Denver's Motion for Summary Judgment **(#29)**, the Plaintiff Marian G. Kerner's Response **(#33)**, and the Defendant's Reply **(#38)**.[1]

### I. Background

Having reviewed the record and submissions of the parties, the Court finds the following material facts to be undisputed and, where disputed, views them in the light most favorable to the Plaintiff, Ms. Kerner.

---

[1] Also pending before the Court is a motion titled Defendant's Motion Under Fed. R. Evid. 702 **(#28)**. Although titled as a Rule 702 motion, the motion in substance does not present expert opinions that are testable under Rule 702. Rather, it seeks a determination that Ms. Kerner's use of an expert report on damages, prepared by a witness in a separate case (*Kerner et al. v. City and County of Denver*, Case. No. 11-cv-00256-MSK-KMT), would be a violation of Fed.R.Civ.P. 26(a)(2). Having reviewed the challenged material, the Court finds that it has no bearing on its resolution of the City's Motion for Summary Judgment. In light of the outcome of the City's Motion for Summary Judgment (discussed below), the Rule 702 motion **(#28)** is denied, with leave to refile as a proper Rule 702 motion should the City deem it necessary.

Ms. Kerner, a black female in her sixties, is a former employee of the Defendant City and County of Denver. From 1997 to 2001, she was employed by the City in a clerical position. In March 2007, she applied for re-employment with the City,[2] but was disqualified from consideration after she failed a writing test that was used in the hiring process at the time. After she was disqualified, Ms. Kerner filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), generally alleging that the City had a discriminated against her because of her race and age and that the test was discriminatory.[3]

In July 2007, approximately one month after she filed her charge with the EEOC, Ms. Kerner applied for another position with the City, this time as an On-Call LIEAP[4] Agent. Again, she was required to take the employment test. This time she passed and was hired. She was 65 years old at the time. The interview panel that hired Ms. Kerner included Enrique Hernandez and Dang Nguyen, both of whom knew that Ms. Kerner was over the age of 40.

The position of LIEAP Agent was a temporary seasonal position that required Ms. Kerner to review applications for LIEAP assistance, determine eligibility, request additional information, and process applications. Because the job was seasonal, it did not come with any benefits, such as sick or vacation leave or retirement benefits. Ms. Kerner worked a full season from October 2007 to March 2008. Mr. Hernandez was her supervisor and Ms. Nguyen gave out work assignments and other duties. On March 21, 2008, Ms. Kerner received formal notification

---

[2] The job she applied for was a clerical position classified as Administrative Support Assistant (ASA) IV.

[3] That charge is the subject of a separate lawsuit, *Kerner et al. v. City and County of Denver*, Case. No. 11-cv-00256-MSK-KMT.

[4] LIEAP stands for Low Income Energy Assistant Project, which is a program to assist lower income individuals pay their utility bills during the winter season.

of the end of her seasonal employment. According to the City, the demand for LIEAP services declines in the spring thus requiring seasonal lay-offs.

In July 2008, Ms. Kerner reapplied and was hired for the same on-call seasonal position as a LIEAP Agent. Mr. Hernandez was on the panel that decided to rehire her. Ms. Kerner began working in September 2008. On about January 9, 2009, however, Ms. Kerner told Mr. Hernandez that she would be leaving town on January 15, 2009, for about seven days. At that point, Mr. Hernandez decided that Ms. Kerner's seasonal employment would end effective January 14, 2009. When Ms. Kerner asked for an explanation, Mr. Hernandez told her that he had to let her go because she was "too intellectual." Ms. Nguyen concurred in Mr. Hernandez's decision. Ms. Kerner did not receive any formal notice from the City acknowledging the end of her employment. Ms. Kerner applied for a third season as a LIEAP Agent in July 2009, but she was not rehired. Mr. Hernandez was on the panel who decided not to rehire her.

Meanwhile, the EEOC made a determination on Ms. Kerner's previously filed charge of discrimination. In July 2008, the EEOC found that there was reason to believe that discrimination had occurred, and it attempted to facilitate conciliation between Ms. Kerner and other plaintiffs and the City. A meeting between the parties was requested by the City in September 2008. Conciliation was ultimately unsuccessful and, in May 2009, the EEOC issued a Notice of Conciliation Failure.

After exhausting her administrative remedies, Ms. Kerner filed suit against the City. Ms. Kerner alleges that she was prematurely terminated from her seasonal employment and not re-hired for the 2009-2010 season because of her age and in retaliation for filing a previous charge of discrimination with the EEOC. She asserts the following claims: (1) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; (2) retaliation

3

for filing a charge with the EECO in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a); and (3) employment discrimination in violation of the Colorado Anti-Discrimination Act (CADA), Colo. Rev. Stat. §§ 24-34-401 to -406.

The City moves for summary judgment in its favor on Ms. Kerner's claims of age discrimination under the ADEA and retaliation under Title VII.[5]

## II. Standard of Review

Although Rule 56 of the Federal Rules of Civil Procedure was recently restyled, its purpose remains the same — to provide for a summary determination when no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Accordingly, Rule 56(a) directs entry of a judgment on a claim or defense, or part thereof, when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.

Substantive law governs which facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" if the evidence presented in support of and in opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a

---

[5] The Court notes that the City has not moved for judgment on the CADA claim, and has referred to it only tangentially in its reply brief. It appears to the Court that the reasoning stated herein would seem to apply with equal force to the CADA claim. To the extent Ms. Kerner believes, consistent with her obligations under Fed. R. Civ. P. 11(b), that the CADA claim can nevertheless be maintained despite the analysis set forth herein, the parties shall begin preparation of a proposed final pretrial order in anticipation of trial on the CADA claim. Otherwise, Ms. Kerner is free to dismiss that CADA claim under terms and conditions agreeable to the parties.

court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c). Once the moving party has met its burden, to establish a genuine dispute that requires a trial, the responding party must present competent and contradictory evidence as to a material fact. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

When the moving party does not have the burden of proof on the pertinent issue, it may point to an absence of sufficient evidence to establish a claim or defense that the non-movant is obligated to prove. Once the movant has done so, the respondent must come forward with sufficient competent evidence to establish a prima facie claim or defense to justify a trial. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

### III.  Analysis

#### 1.  Age Discrimination

The ADEA prohibits employers from intentionally discriminating against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of such individual's age. 29 U.S.C. § 623(a)(1). To succeed on a claim of age discrimination, a plaintiff must prove by a preponderance of the evidence that her employer would not have taken the challenged action but for the plaintiff's age. *See Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010). Under the ADEA, a plaintiff bears the ultimate burden of proving

her employer intentionally discriminated against her. *See Rise v. QEP Energy*, 776 F.3d 1191, 1199 (10th Cir. 2015).

A plaintiff can prove intentional discrimination through either direct evidence or circumstantial evidence that creates an inference of intentional discrimination. *Id.* Where, as here, a plaintiff seeks to use circumstantial evidence to show her employer's discriminatory intent, the burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1972), applies. *See Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010). Under this framework, a plaintiff must first establish a prima facie case of discrimination. A prima facie case generally requires a plaintiff to prove that (1) she is a member of a protected class, (2) she suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007). While the elements of a prima facie case "are neither rigid nor mechanistic," their purpose is to establish an initial inference of unlawful discrimination warranting a presumption of liability in the plaintiff's favor. *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008).

Once a plaintiff has established a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* at 1145. If it does so, the burden of production shifts back to the plaintiff to introduce evidence that the stated nondiscriminatory reason is merely a pretext for discriminatory intent. *Simmons v. Skykes Enters.*, 647 F.3d 943, 947 (10th Cir. 2011). A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justifications are false may permit the trier of fact to conclude that the employer unlawfully discriminated. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

The City argues that it is entitled to summary judgment because Ms. Kerner cannot establish a prima facie claim. Specifically, it contends that she cannot prove that her termination and the decision not to rehire her occurred under circumstances giving rise to an inference of discrimination.[6] Alternatively, the Defendant contends that Ms. Kerner cannot prove that the proffered reasons for its actions are unworthy of belief and are merely pretext for discrimination.

Ms. Kerner does not dispute that Mr. Hernandez and Ms. Nguyen never made any comments about her age or otherwise demonstrated any express discriminatory animus on the basis of age. She also does not dispute that when she was hired, Mr. Hernandez and Ms. Nguyen both knew she was over the age of 40. Instead, to establish her prima facie case, Ms. Kerner relies solely on the fact that she was 67 years old when she was terminated and not rehired and that she was qualified for her position.

Assuming that the circumstance of her age is sufficient to make out a prima facie case, however, the City has proffered nondiscriminatory reasons for its decisions to terminate her and not to rehire her. The City asserts that Ms. Kerner was one of the least productive employees during her two seasons of employment as a LIEAP Agent, and because Ms. Kerner was a seasonal employee, she could be laid off at any time. The City also contends that it is entitled to the "same actor" inference. In cases where the employee was hired and fired by the same person

---

[6] The Court notes that the City relies on a slightly different four-element recitation of a prima facie claim of age discrimination which requires a plaintiff to prove that (1) she is a member of the protected class; (2) she suffered an adverse employment action; (3) she was doing satisfactory work; and (4) she was treated less favorably than others not in the protected class. The City contends that Ms. Kerner cannot prove elements two and three. Although the Tenth Circuit has used the four-element formulation in certain contexts, it has stated a preference for the more concise three-element formulation stated by the Court above. *See Bennet v. Windstream Communications, Inc.*, 792 F.3d 1261, 1266 n.1 (10th Cir. 2015). Under the three-element formulation, the City can be understood as challenging that Ms. Kerner's ability to prove that the circumstances under which she was terminated and not rehired could give rise to an inference of discrimination.

within a relatively short time span, there is a strong inference that the employer's stated reason for acting against the employee is not pretextual. *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1183 (10th Cir. 2006) (10 months).  Ms. Kerner does not dispute that Mr. Hernandez terminated her and that he was on the panel that hired her twice and then decided not to rehire her in 2009.  She also does not dispute that Mr. Hernandez knew that she was over the age of 40.  In these circumstances, the Court agrees that it is somewhat illogical that Mr. Hernandez would have terminated her within months of having hired her for the second time if age were a factor.  The Court notes, however, that the "same actor" evidence gives rise to an inference, rather than a presumption, that no discriminatory animus motivated the City's actions.  Ms. Kerner still has the opportunity to present countervailing evidence of pretext.

It is Ms. Kerner's burden to prove that the reasons for her termination offered by the City are merely pretext for discrimination. A plaintiff may establish pretext by showing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1280 (10th Cir. 2010).  When evaluating the sufficiency of this evidence, the Court looks to several factors, including the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case that properly may be considered on a motion for summary judgment.  *See Jones*, 617 F.3d at 1280 (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148-49 (2000)).

As evidence of pretext, Ms. Kerner relies on the fact that the City stated in a March 2010 position letter written by counsel that the reason she was terminated was because her position

was seasonal. Ms. Kerner claims that the City's new reason of low productivity must be pretext because her productivity was never raised with her or given as a reason for her termination until this lawsuit. The mere fact that an employer has proffered multiple reasons for taking an adverse action is not, of itself, a basis to find pretext; the employee is still obligated to show that the employer's proffered reasons for the adverse action are pretextual. *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1311 (10th Cir. 2005). In some circumstances, an employer offering multiple, seemingly-independent justifications for an adverse action can assist an employee in demonstrating that the entirety of the employer's asserted reasons are pretextual: (i) where the multiple reasons are so intertwined that showing one to be pretextual suffices to call the other reasons into question; (ii) where one reason is "so fishy and suspicious" that the factfinder could conclude that the employer "lacks all credibility"; (iii) where the employer offers a "plethora of reasons" and the employee rebuts a substantial number of them; (iv) where the plaintiff rebuts all objective explanations that have been proffered, leaving only subjective ones; and (v) where the employer's change in explanations occurs in circumstances that "suggest dishonesty or bad faith." *Id.* However, none of those circumstances are present here. It is undisputed that Ms. Kerner's position was indeed a seasonal one, making her susceptible to termination at any time. The City also presents the affidavits of both Mr. Hernandez and Ms. Nguyen who state that Ms. Kerner was one of the least productive employees during both of the seasons she worked as a LIEAP Agent. Each of these explanations could independently justify Ms. Kerner's termination, and it is certainly possible that both explanations can simultaneously be true.

The fact that productivity was not brought up directly with Ms. Kerner does not suffice to carry Ms. Kerner's burden to show that the City's performance-based explanation for her termination is false. It may be bad personnel management for an employer to terminate an

employee for performance-based deficiencies without giving that employee notice and an opportunity to improve, but anti-discrimination laws are not designed to act as "super-personnel departments," operating to second-guess employers' business judgment. *Kendrick v. Penske Transp. Servs. Inc,* 220 F.3d 1220, 1233 (10th Cir. 2000). Ms. Kerner also presents the affidavits of former co-workers who state that Ms. Kerner was hard-working, efficient, and productive. But it is the manager's subjective perception of the employee's performance that is relevant. *See Furr v. Seagate Tech. Inc.*, 82 F.3d 980, 988 (10th Cir. 1996). Thus, Ms. Kerner's co-workers' statements about her productivity do not suffice to establish that Mr. Hernandez subjectively believed that Ms. Kerner was performing adequately, such that his proffered reason for terminating her could be said to be false.

Finally, Ms. Kerner asserts that Mr. Hernandez's statement that she was "too intellectual" could be interpreted as a reference to her age, but she admits that she does not know exactly what he meant by that and she offers no explanation or reason as to why or how one could reach such a conclusion. The Court agrees that the statement is far too oblique to permit a conclusion that it was a reference to Ms. Kerner's age.

At most, Ms. Kerner's evidence creates only a weak issue of fact as to pretext. This conclusion is compounded by her weak prima facie case and the same actor inference enjoyed by the City. The Court finds that based on the evidence presented, Ms. Kerner has not presented sufficient competent evidence that would allow a reasonable jury to conclude that the City's proffered reasons for its actions were pretext. Accordingly, the Court finds that the City is entitled to judgment in its favor on Ms.Kerner's claim of age discrimination under the ADEA.

### 2. Retaliation under Title VII

Like a claim for age discrimination, Title VII retaliation claims are analyzed pursuant to the burden-shifting framework outlined in *McDonnell Douglas*. *See Jeffries v. State of Kansas*, 147 F.3d 1220, 1231 (10th Cir. 1998). The employee bears the initial burden to present a prima facie case. To establish a prima facie case, an employee must demonstrate that (1) she engaged in conduct protected by Title VII; (2) she suffered an adverse employment action; and (3) there is some causal connection between that protected conduct and the adverse action. *Somoza v. Univ. of Denver*, 513 F.3d 120, 1211-12 (10th Cir. 2008). If the employee succeeds in making this prima facie case, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the adverse action. *Stover v. Martinex*, 382 F.3d 1064, 1070-71 (10th Cir. 2004). Assuming the employer does so, the employee must establish by a preponderance of the evidence that the proffered reason is untrue and a pretext. *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1307 (10th Cir. 2005). A plaintiff may establish a causal connection by proffering "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Proctor v. United Parcel Service*, 502 F.3d 1200, 1208 (10th Cir. 2007).

The City contends that it is entitled to summary judgment because Ms. Kerner cannot establish a causal connection between her filing of a charge of discrimination with the EEOC and her subsequent termination and the decision not to rehire her.

It is undisputed that Ms. Kerner filed her charge of discrimination with the EEOC in June 2007, she was terminated in January 2009 (a year and a half after she filed her charge), and she was not rehired in July 2009 (over two years after she filed her charge). Despite this lack of temporal proximity between the protected activity and the adverse actions, Ms. Kerner contends

11

that the timing of the conciliation efforts by the EEOC and her termination give rise to an inference of retaliation. She suggests that because conciliation was "on-going" during her second season as a LIEAP Agent, her termination in January 2009 was "clearly temporal with her EEOC Charge that was pending." She alleges that "the City was obviously not happy" with the proposed conciliation agreement requiring the City to pay damages upward of $157,000. But, for this evidence to be probative of causation, Ms. Kerner must establish that the individuals who took the adverse actions against her, *i.e.* Mr. Hernandez, actually knew of the EEOC charge and the conciliation efforts when he took those actions. *See Webb v. Level 3 Communications, LLC*, 167 Fed.Appx. 725, 735 (10th Cir. 2006) ("we still require a plaintiff to show that the individual who took the adverse action against plaintiff also knew of the employee's protected activity").

The record shows that the conciliation was taking place with the City's legal department, of which Mr. Hernandez is not a part. Ms. Kerner states that she discussed her EEOC charge with co-workers during a pot-luck luncheon at which Mr. Hernandez and Ms. Nguyen might have been present, but she admits that she is not actually sure if either of them were there, and if they were, whether they overheard her conversation. Her co-workers state that it was "common knowledge" that Ms. Kerner had filed an EEOC complaint, but none of them have personal knowledge that Mr. Hernandez was privy to this "common knowledge." Thus, Ms. Kerner relies on an assumption that Mr. Hernandez knew of the EEOC charge and conciliation efforts. Further, the City submits the declarations of Mr. Hernandez and Ms. Nguyen who both state that they had no knowledge of Ms. Kerner's EEOC charge of discrimination. Ms. Kerner submits no other evidence that could give rise to an inference that she was terminated and not rehired in retaliation for her filing an EEOC charge and participating in conciliation efforts. Based on the

evidence presented, the Court finds that a reasonable jury could not find that Ms. Kerner was terminated and not rehired in retaliation for her filing an EEOC charge and participating in conciliation efforts.

Additionally, the City has proffered nonretaliatory reasons for its actions, namely that Ms. Kerner was not productive and that her seasonal employment was ending.  Ms. Kerner relies on the same evidence of pretext that she relied on for her age claim.  As discussed above, however, the Court finds that the evidence presented is insufficient to create a genuine dispute of fact that such reasons were pretextual.  Accordingly, the Court finds that the City is entitled to summary judgment in its favor on Ms. Kerner's retaliation claim.

### IV.  Conclusion

For the forgoing reasons, the Defendant's Motion for Summary Judgment **(#29)** is **GRANTED**.  The Clerk is directed to enter judgment in favor of the Defendant on the Plaintiff's claims under the ADEA and Title VII.   The Defendant's Motion Under Fed. R. Evid. 702 **(#28)** is **DENIED**.

The only claim remaining in this case is a claim under the Colorado Anti-Discrimination Act (CADA).  The parties are directed to begin preparation of a Proposed Final Pretrial Order and shall *jointly* contact chambers within 14 days of the date of this order for the purpose of scheduling a final pretrial conference.

Dated this  30th day of September, 2015.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge